IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ISIAC BROWN,**

           **Plaintiff,**

      **v.**                                  **CASE NO. 06-3094-SAC**

**SCOTT HOWARD, et al.,**

           **Defendants.**

**O R D E R**

    Plaintiff, a prisoner confined in the Wyandotte County Detention Center in Kansas City, Kansas, proceeds pro se on a form complaint submitted under 42 U.S.C. § 1983. Plaintiff claims a Kansas City detective violated plaintiff's constitutional rights while interrogating plaintiff, claims his appointed defense counsel misled him into entering a plea of guilty to an illegal offense, and claims both defendants misrepresented the law and defamed plaintiff's character. Plaintiff broadly seeks "relief of illegally accused charge of robbery."

    When a prisoner seeks to challenge the length or fact of his confinement, he must pursue relief through a writ of habeas corpus. <u>Preiser v. Rodriquez</u>, 411 U.S. 475 (1973). To obtain such relief, an applicant must demonstrate full exhaustion of state court remedies on all claims raised for habeas relief, or demonstrate that such remedies are unavailable or ineffective under the circumstances. 28 U.S.C. § 2254(b)(1).

    In the present case, plaintiff acknowledges no exhaustion of state court remedies regarding the challenged criminal conviction,

and further states he is in the process of obtaining counsel for an appeal.

The court thus directs plaintiff to show cause why the complaint should not be liberally construed by the court as seeking relief under 28 U.S.C. § 2254, and dismissed without prejudice based on plaintiff's failure to exhaust state court remedies.

Plaintiff is granted leave to proceed in forma pauperis to the extent plaintiff seeks habeas corpus relief.  *See* <u>United States v. Simmonds</u>, 111 F.3d 737 (10th Cir. 1997)(filing fee provisions in 28 U.S.C. § 1915 as amended by the Prison Litigation Reform Act do not encompass state habeas actions filed under 28 U.S.C. § 2254, or appeals therefrom).

With the complaint, plaintiff provided original pleadings captioned for filing in the Wyandotte District Court in plaintiff's state criminal proceeding.  In the event these pleadings were intended for filing in the state district court, copies of said pleadings are to be substituted in this court's record, and the original pleadings are to be forwarded to the Clerk of the Wyandotte County District Court.

IT IS THEREFORE ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be liberally construed as a petition filed under 28 U.S.C. § 2254, and dismissed without prejudice.

IT IS FURTHER ORDERED that plaintiff is granted leave to proceed in forma pauperis to the extent he seeks relief under 28 U.S.C. § 2254.

The clerk's office is to copy plaintiff's original pleadings captioned for filing in his state criminal case, substitute the

copies for the original pleadings in this court's record, and forward the original pleadings and a copy of this order the Clerk of the Wyandotte County District Court.

**IT IS SO ORDERED.**

DATED:  This 6th day of April 2006 at Topeka, Kansas.


                                      s/ Sam A. Crow
                                     SAM A. CROW
                                     U.S. Senior District Judge